■ BERNARD KLEVAN et al., Appellants, v. TOWN OF BABYLON, Respondent. — In an action to declare the zoning ordinance of the Town of Babylon unconstitutional insofar as it applies to plaintiffs' real property, plaintiffs appeal from so much of a judgment of the Supreme Court, Suffolk County, entered August 3, 1970, as dismissed the complaint after a nonjury trial. Judgment reversed insofar as appealed from, on the law and the facts and in the interests of justice, without costs, and case remitted to the Special Term for the entry of a declaratory judgment in accordance with the views herein set forth. In an action for a declaratory judgment, if the court considers the merits, the judgment to be entered should declare the parties' rights. A dismissal of a complaint in such action is improper (*Connolly* v. *Incorporated Vil. of East Hills*, 32 A D 2d 664). Plaintiffs own seven contiguous lots, each approximately 25 feet by 100 feet, fronting on 19th Street in the Town of Babylon, and together covering an area of approximately 17,500 square feet. Prior to 1940 the entire plot was improved with one single-family dwelling. Prior to July 25, 1954 the subject property had been zoned as in the Residence " B " District, permitting the erection of a one-family home on a plot of 4,000 square feet. On July 25, 1954 this area was upzoned and classified as in the Residence " A " District requiring a plot of 12,500 square feet for the construction of a one-family home. Plaintiffs' complaint sought to have the 1954 upzoning ordinance nullified to the extent of permitting them to erect three one-family houses on plots of approximately 4,300 square feet, in addition to the existing one-family house. Norman Gerber, a qualified regional planner and a witness for defendant, testified that the 1954 ordinance was unduly restrictive and that one-family homes on area plots of 7,500 square feet would be appropriate and would be " consistent with the character of the area." Plaintiffs in their brief and on the argument of this appeal agreed to stipulate to limit their prayer for relief to (a) a declaration allocating an area of 7,500 square feet for the existing one-family house and (b) being permitted to erect an additional one-family house with a minimum plot area of 7,500 square feet on the remaining property. On the remission, the Special Term should enter a declaratory judgment consistent herewith and in conformity with plaintiffs' modified demand for relief. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.